UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ASHLEY ROBICHAUX and** | * | **CIVIL ACTION NO:** |
| **JOHN ROBICHAUX** | * | |
| | * | **SEC:** |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **UNITED STATES OF AMERICA,** | * | |
| **UNITED STATES GENERAL SERVICES** | * | **MAG. JUDGE:** |
| **ADMINISTRATION, and** | * | |
| **RICKY CRAWFORD** | * | |

*************************************************************************

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Petitioners, **ASHLEY ROBICHAUX** and **JOHN ROBICHAUX** ("Plaintiffs"), persons of the full age of majority and domiciled in the Parish of St. Tammany, State of Louisiana, who respectfully represent the following:

1.

Made Defendants herein are:

A.) **UNITED STATES OF AMERICA**;

B.) **UNITED STATES GENERAL SERVICES ADMINISTRATION**, an agency of the United States of America; and

C.) **RICKY CRAWFORD** ("CRAWFORD"), upon information and belief, a person of the full age of majority domiciled in the Parish of St. Tammany, State of Louisiana.

2.

This is an action for personal injuries arising under the Federal Torts Claims Act, 28 U.S.C. § 2671 *et seq.*

3.

Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the negligent and wrongful actions of the Defendants occurred in the Eastern District of Louisiana, the Plaintiffs reside in the Eastern District of Louisiana, the damages to Plaintiffs occurred within the Eastern District of Louisiana, and the applicable facts which form the basis of this lawsuit occurred in the Eastern District of Louisiana.

4.

On or about February 19, 2021, Plaintiff, ASHLEY ROBICHAUX ("MS. ROBICHAUX"), driver of a 2020 Buick Envision owned by Plaintiff, JOHN ROBICHAUX ("MR. ROBICHAUX"), was operating her vehicle in a careful and prudent manner and stopped at the red light on Highway 190 under the underpass of Interstate 12, in the Parish of St. Tammany, State of Louisiana. Plaintiff, JOHN ROBICHAUX ("MR. ROBICHAUX"), was a guest passenger in the vehicle.

5.

At the same time and place, Defendant, CRAWFORD, was operating a United States Government vehicle, license plate 1164W, and traveling on Highway 190 near its intersection with Interstate 12, when suddenly and without warning, due to the Defendant, CRAWFORD's, fault, negligence, liability, and/or want of care, and/or skill, CRAWFORD failed to stop and struck the rear end of the Plaintiffs' vehicle, causing property damage, personal, and bodily injuries.

6.

Plaintiff, MS. ROBICHAUX, avers and shows that her actions in no way caused or

contributed to the accident mentioned herein.

7.

The above-described accident and resulting injuries were caused solely and/or collectively by the negligence, recklessness, fault, want of care, and/or skill, on the part of the Defendant, CRAWFORD, in the following non-exclusive enumerated acts and omissions:

a. Failure to stop;

b. Failure to yield;

c. Careless operation of a motor vehicle;

d. Failure to keep a proper lookout, ahead and/or laterally, at such time when, by the exercise of ordinary care, the Defendant could have avoided striking the Plaintiffs' vehicle;

e. Failure to use reasonable care under the circumstances;

f. Failure to see what he should have seen;

g. Carelessness, recklessness, and/or inattentiveness; and

h. Any and all acts of negligence that may be brought out at trial in this matter.

8.

Plaintiffs further allege that at all times pertinent hereto, upon information and belief, Defendant, CRAWFORD, was in the course and scope of his employment for the UNITED STATES GENERAL SERVICES ADMINISTRATION when the accident occurred, thereby imputing to UNITED STATES GENERAL SERVICES ADMINISTRATION the fault, negligence, and strict liability of the employment relationship that they shared.

9.

UNITED STATES GENERAL SERVICES ADMINISTRATION is therefore liable under the doctrine of *respondeat superior* for the acts and/or omissions of its employee, CRAWFORD, who, upon information and belief, was within the course and scope of his employment, under the following particulars:

a. Negligent supervision of its employee;

b. As employer/principal, responsible for the acts of the Defendant, CRAWFORD, to the extent that he was on a mission for UNITED STATES GENERAL SERVICES ADMINISTRATION; and

c. For such further and other acts and omissions as will be proved at trial.

10.

As a result of the above-described accident and the negligence of Defendant, Plaintiff, MS. ROBICHAUX, suffered injuries to the structure, tissues, and musculature of her body, including, but not limited to: cervical pain, thoracic pain, lumbar pain, and right hip pain – all of which entitles Petitioner to recover from Defendant, CRAWFORD, such general and special damages as are reasonable in the premises.

11.

Plaintiff, MS. ROBICHAUX, alleges the following general and specific damages for which she is entitled to recover in an amount calculated to adequately compensate her for the injuries and damages she sustained, including, but not limited to:

a. Past, present, and future mental anguish;

b. Past, present, and future physical pain and suffering;

c. Past, present, and future medical expenses;

d. Special care and services (including travel to the physician's office);

e. Property damage/diminution of value;

f. Loss of use;

g. Loss of enjoyment of life; and

h. Other injuries, general damages, and special damages as may be proven at the trial of this matter.

12.

As a result of the above-described accident and the negligence of Defendant, Plaintiff, MR. ROBICHAUX, suffered injuries to the structure, tissues, and musculature of his body, including, but not limited to: cervical pain, thoracic pain, and lumbar pain – all of which entitles Petitioner to recover from Defendant, CRAWFORD, such general and special damages as are reasonable in the premises.

13.

Plaintiff, MR. ROBICHAUX, alleges the following general and specific damages for which he is entitled to recover in an amount calculated to adequately compensate him for the injuries and damages he sustained, including, but not limited to:

a. Past, present, and future mental anguish;

b. Past, present, and future physical pain and suffering;

c. Past, present, and future medical expenses;

d. Special care and services (including travel to the physician's office);

e. Loss of enjoyment of life; and

f.  Other injuries, general damages, and special damages as may be proven at the trial of this matter.

14.

On December 10, 2021, Plaintiffs submitted a Standard Form 95 to the UNITED STATES GENERAL SERVICES ADMINISTRATION. Suit is timely as it was [presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the certified letter sent by the federal agency in response.

**WHEREFORE**, Plaintiffs, **ASHLEY ROBICHAUX** and **JOHN ROBICHAUX**, pray that the Defendants, **UNITED STATES OF AMERICA, UNITED STATES GENERAL SERVICES ADMINSTRATION**, and **RICKY CRAWFORD**, named herein be required to appear and answer this Complaint within the delays provided by law, and that after due proceedings are had there be a judgment rendered in favor of the Plaintiffs and against the Defendants, **UNITED STATES OF AMERICA, UNITED STATES GENERAL SERVICES ADMINSTRATION**, and **RICKY CRAWFORD**, jointly, severally and in solido, for such damages which are just and reasonable, together with legal interest and for all costs of these proceeds, and further for all general and equitable relief.

*(signature on following page)*

RESPECTFULLY SUBMITTED,

LAW OFFICE OF MIGUEL A. ELIAS

_____
MIGUEL A. ELIAS (#25384)
PAULA J. FERREIRA (#32662)
DONALD A. MAU (#33965)
ROBERT E. DUHON (#35762)
4224 Williams Boulevard
Kenner, Louisiana 70065
Telephone: 504/469-3300
Facsimile: 504/469-3353
EM: dmau@meliaslaw.com